(May 19, 1900.)

## FIRST NATIONAL BANK OF LEWISTON v. HAYS.

[61 Pac. 287.]

UNLAWFUL DETAINER—LIEN.—One who takes title by conveyance from a judgment debtor, takes it subject to the lien of the judgment, and especially is that so when the conveyance excepts from the covenants in the deed judgments of record.

JUDGMENT—PARTIES AND PRIVIES.—M., being the common source from whom appellants and respondents procured title to certain land, a sheriff's deed was executed, the basis of which was a judgment against M., and which judgment was a lien on said land at the date of the conveyance to respondents. *Held*, that said respondents were bound by the recitals in said deed, and are privies to said judgment.

EJECTMENT—INSTRUCTIONS.—The court charged the jury that this was an action in ejectment, and that the recitals in the sheriff's deed did not bind respondents, the giving of said charges held to be prejudicial error.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

George W. Tannahill and I. N. Smith, for Appellant.

This action was instituted as one in unlawful detainer, and on the defendant setting up title, was certified to the district court. There it was tried by the lower court entirely upon the theory that it was and is an action of ejectment. A careful reading of the complaint will show that the complaint is entirely insufficient to sustain such a proceeding, under the decisions of this court, as there is no demand alleged, no prior

possession in plaintiff and no ouster. (*McMasters v. Torsen,* 5 Idaho, 536, 51 Pac. 100.) This being true, the very first instruction of the court was erroneous, as he charges that this is an action of ejectment and further that in this cause, the party showing the better title was entitled to recover. (*Tilton v. Cofield,* 93 U. S. 163.) The sheriff's deed, by relation, dates back to the attaching of the lien, and shuts off all subsequent liens and claims of title. (*Blood v. Light,* 38 Cal. 649, 99 Am. Dec. 441; *First Nat. Bank v. Lieuallen,* 4 Idaho, 431, 39 Pac. 1108; *Donahue v. McNulty,* 24 Cal. 412, 85 Am. Dec. 78.)

James W. Reid, for Respondents, files no brief.

SULLIVAN, J.—This is an action of unlawful detainer, and was brought in the probate court of Nez Perces county. The answer of defendants set up title to the land in controversy, and the case was certified to the district court. The answer also set up an equitable defense, and, before the trial, motion was made by counsel for defendants (who are respondents here) for judgment on the pleadings. After hearing argument of respective counsel, the court denied said motion, and declined to try the equitable defense upon the ground that it did not constitute an equitable defense. Thereupon the action was tried by the court with a jury upon the issues thus made, and the verdict and judgment were entered in favor of defendants. This appeal is from the judgment and order denying a new trial.

The appeal was submitted on the brief of appellants, with permission to counsel for respondents to file brief within ten days thereafter. No brief has been filed on behalf of respondents. The following facts, among others, appear from the record: The appellant claimed title deraigned as follows: On March 9, 1894, in the district court of the second judicial district, in an action there pending, wherein Mrs. R. Saux & Co. were plaintiffs, and John H. Morrison and others were defendants, such proceedings were had that a judgment was rendered and entered against said defendants and in favor of said plaintiffs. Thereafter execution was issued thereon, and lev-

ied upon the land in dispute. Said land was sold thereunder, and certificate of sale thereof was issued to one W. E. Timberlake, which certificate was by him thereafter assigned to one Ralston Vollmer on July 18, 1896. Thereafter a sheriff's deed was issued under said certificate, and the lands in controversy were conveyed thereby to said Vollmer, an thereafter, by quitclaim deed he conveyed said and to the appellant, The appellant also obtained a quitclaim deed from said Morrison conveying to it said land. The respondents claimed title through deed of conveyance from said Morrison, dated the twelfth day of August, 1895, which deed excepted from the covenants thereof "mortgages and judgments of record." As the judgment under which the grantor of the appellant procured title was entered March 9, 1894, said conveyance excepted said judgment from its covenants; and, as said judgment was of record in the records of the district court of Nez Perces county, it was a lien upon said land at the date said judgment debtor, Morrison, conveyed said land to the respondents, and he could not devest it of said lien by a conveyance thereof to respondents. Morrison was a party to the action in which said judgment was rendered, and his grantees got no greater interest in said land than he had at the date of his conveyance to them. They might have redeemed from the sheriff's sale within the time allowed by law for the redemption, but, as they failed to do so, they lost the equity of redemption by lapse of time, and the title passed to the holder or owner of the sheriff's certificate of sale. The judgment became a lien on said land on the date of its entry, March 9, 1894; and the sheriff's deed by relation dated back to the date when the lien of said judgment attached to said land, and cut off all subsequent liens. As Morrison was defendant and judgment debtor in said suit, and as the respondents claim title under conveyance from him made subsequent to the entry of said judgment and subsequent to the time that said judgment became a lien upon said land, they are privies to said judgment, and are as conclusively bound thereby, so far as the title to said land is concerned, as Morrison himself. And, besides, the deed under which respondents claim title from Morrison espe-

cially excepts said judgment from its covenants. A judgment debtor cannot devest his land of a judgment lien or lien made by sheriff's sale by transferring the title to another person.

We are at a loss to know why this case was tried upon the theory that it was an action in ejectment. The complaint does not contain the allegations required in a complaint in ejectment, and only prays for a restitution of the premises, and for damages for the detention thereof. The answer denied the material allegations of the complaint, and set up title in the respondents. It also set up an equitable defense by way of cross-complaint. The court, however, declined to try the equitable defense, upon the ground that the allegations did not constitute an equitable defense. The court charged the jury that this was an action in ejectment, and the party showing the better title must recover. The court also charged the jury that the sheriff's deed to Vollmer would not bind respondents, because they were not parties to said judgment ,and for that reason the recitals in the sheriff's deed were insufficient as to them. Whatever title either the appellant or respondents had to said land was procured through Morrison. He was the common source of title claimed by both appellant and respondents. The respondents took their title from Morrison subject to said judgment lien, and were privies thereto, and were bound by said sheriff's deed and the recitals contained therein as firmly as was Morrison. The instructions referred to were erroneous, and it was prejudicial error to give them. As the record clearly shows that the appellant is the legal owner of said land, and entitled to the possession thereof, it would be useless to remand the case for a new trial. The judgment is reversed, and the cause remanded, with instructions to enter judgment in favor of the appellant for the restitution of said premises as prayed for, without damages and for costs of suit. Costs of appeal are awarded to appellant.

Huston, C. J., concurs.

Quarles, J., did not sit in the case, and took no part in the decision.