**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFRED J. BIANCO, as Plan Administrator to the Estate of Gaston & Snow, | No. 03-35431 |
| Plaintiff - Appellee, | D.C. Nos. CV-02-00142-BLW<br>CV-02-094<br>CV-02-095 |
| v. | |
| ROLLE NEWTON & COMPANY, Trustee of the Coastal Foreign Security Trust, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted November 2, 2009[**]
Portland, Oregon

Before: FISHER and PAEZ, Circuit Judges, and MOSKOWITZ, District Judge.[***]

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Rolle Newton & Company ("Rolle Newton") appeals an order by the district court granting summary judgment in favor of Pana-Tek, Inc. ("Pana-Tek") and denying Rolle Newton's cross motion for summary judgment. We review an order granting summary judgment de novo, Universal Health Servs., Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004), and a finding concerning joinder for abuse of discretion. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 879 (9th Cir. 2004). We affirm.

We have jurisdiction over this appeal because Rolle Newton's notice of appeal became effective after the district judge denied its motion for reconsideration. Fed. R. App. P. 4(a)(4)(B)(i). Pana-Tek's subsequently filed motion for an order supplementing the order on reconsideration did not affect this court's jurisdiction. *See id.*

Any rights Rolle Newton may have claimed were extinguished upon Pana-Tek's purchase of the properties at the Marshal's sale. A judgment against the initial owners of White Arrow Ranch and Devil's Corral was perfected and recorded prior to the conveyances at issue. Rolle Newton's claim to ownership results from a post-judgment chain of conveyances and is subject to the judgment lien. See First Nat'l Bank of Lewiston v. Hays, 61 P. 287, 288 (Idaho 1900); see

also <u>Fulton v. Duro</u>, 687 P.2d 1367, 1372-73 (Idaho Ct. App. 1984), <u>aff'd</u> 700 P.2d 14 (Idaho 1985).

Rolle Newton has no standing to challenge Pana-Tek's water rights at White Arrow Ranch and Devil's Corral. If, as Rolle Newton argues, the water rights were severed prior to recording of the judgment liens, then transfers to Rolle Newton did not include those rights. If the water rights were not severed, then they were subject to the judgment lien and were conveyed to Pana-Tek at the Marshal's sale. Rolle Newton is thus a third party to any dispute concerning the water rights and lacks standing. <u>See, e.g.</u>, <u>Serena v. Mock</u>, 547 F.3d 1051, 1054 (9th Cir. 2008).

The district court acted within its discretion in finding that Pana-Tek joined all interested parties. Under Idaho law, a trust is not a separate legal entity, <u>see</u> <u>Indian Springs, LLC v. Indian Springs Land Inv., LLC</u>, 215 P.3d 457, 464 (Idaho 2009), so Pana-Tek properly named the trustees in their official capacity, rather than individual trusts. Moreover, Meglon Domestic Non Grantor Trust does not retain an interest in the judgment.

**AFFIRMED.**