### GEO. F. DAUGHERTY v. EDWARD EASTBURN.

#### No. 6265.

1. **Endorsement for Collection.**—In a suit by an endorsee showing also an endorsement by plaintiff for collection, such endorsement in absence of a special plea does not affect the ownership. An endorsement for collection is subject to recall at pleasure. The possession is sufficient to show continued ownership.

2. **Vendor's Lien.**—To support a decree enforcing the vendor's lien it is necessary that the land be described, and that it be shown that the note was for the purchase money of the land. If such note does not describe the land other evidence must be produced.

APPEAL from Jack. Tried below before Hon. P. M. Stine.

The opinion states the case.

*Stark & Stark,* for appellant. —1. The plaintiff if he recovers must recover in the capacity in which he sues. Eastburn sued as owner of the note, while the note introduced in evidence shows the same to have been transferred by S. P. Glenn to Edward Eastburn and by Edward Eastburn to Merchant and Planters' Bank. Roseborough v. Gorman, 6 Texas, 313; Milliken v. Smoot, 64 Texas, 172, 173; T. & N. O. Ry. Co. v. Oates, 2 Wils. Con. Rep., sec. 618; Jones v. Brazil, 1 W. & W. Con. Rep., sec. 299; G. C. & S. F. Ry. Co. v. Witt, 2 Wils. Con. Rep., sec. 774; Mo. P. Ry. Co. v. Teauge, 2 Wils. Con. Rep., sec. 780.

2. The land which plaintiff sought to subject to his lien should have been identified and clearly shown by the evidence to be subject to the lien. Murray v. Land, 27 Texas, 89, 90; Harris v. Crittenden, 25 Texas, 325–7; Davenport v. Chilton, 25 Texas, 518, 519.

*Robertson & West, Taylor,* and *Walton, Hill & Walton,* for appellee.—
1. The endorsement by plaintiff was for collection only and did not change ownership in the note so endorsed. Hays v. Cage, 2 Texas, 501.

2. The identification of the land foreclosed on and that on which the vendor's lien rested is approximately certain and to reasonable satisfaction. The foreclosure gives metes and bounds in addition to the grantee named in the note sued on. Knowles v. Torbitt, 53 Texas, 557.

HENRY, ASSOCIATE JUSTICE.—Appellee sued appellant to recover the amount of a promissory note and to foreclose a vendor's lien on two hundred acres of land, described by metes and bounds in the petition and alleged to be part of the Elijah Price survey in Jack County.

The note was made payable to the order of S. P. Glenn and the only reference to the consideration that it contains is in the following words: "This note is given as the deferred payment on the Elijah Price survey of land in Jack County, Texas, this day conveyed to me by S. P. Glenn and G. E. Glenn."

The statement of facts shows that no evidence except the note and its endorsements was offered at the trial. Besides some credits the endorsements are, first, an assignment of the note by Glenn, the payee, to Edward Eastburn, and next the words, "Pay Merchant and Planter's Bk. for cr. of Edward Eastburn."

Judgment was rendered in favor of plaintiff for the amount of the note, including an attorney fee provided for in the note, and for foreclosure of the lien on the two hundred acres of land described in the petition.

The errors complained of are:

1. The evidence shows that plaintiff was not the owner of the note.

2. That the judgment is excessive.

3. That there is no evidence supporting the decree foreclosing vendor's lien.

With regard to the first objection we construe the endorsement referred to to show that it was made for the purpose of collection only, and as such it was subject to recall at pleasure. Dan. on Neg. Ins., sec. 699. The note being in the possession of and produced by the party making the endorsement is sufficient evidence of his continued ownership, at least in the absence of a special plea.

The third objection is good. Before a decree foreclosing the lien claimed can be rendered it must be proved that the note was given for the purchase money of the land described in the decree. If the note had contained a full description of the land it would have been sufficient to have followed it. The evidence does not show that the land specifically described in the petition and the decree forms any part of the Elijah Price survey, and for this error the judgment must.be reversed. If the judgment is excessive it results from a miscalculation of the interest, which need not occur on another trial.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Delivered May 17, 1889.