Ashby S. James et al. v. R. E. Brooks.

No. 284.

**Foreclosure of Vendor's Lien — Description of Property.**—Plaintiff's petition for the foreclosure of a vendor's lien described the property involved as " a certain lot in the town of Wichita Falls, Texas, in the county of Wichita, fronting 50 feet on Seventh Street and 100 feet on Scott Avenue, on the north side of Seventh Street, and being part of lots 8 and 9, in block 151, according to the map of said town." The sole evidence describing or identifying the property was a recital in the lien note, that it " is in part payment of purchase money for lot 50 feet on Seventh Street by 100 feet on Scott Avenue, this day deeded to us by Brooks and Penn." *Held*, that this did not authorize a foreclosure on the property as described in the petition.

Appeal from Wichita. Tried below before Hon. Geo. E. Miller.

*Ashby S. James*, for appellants.—The court erred in rendering judgment for the plaintiff and in foreclosing the lien as described in said judgment, because said judgment is contrary to law, and is not supported by the evidence, in this, that the note offered in evidence does not describe the land upon which the court has adjudged a foreclosure of plaintiff's lien, and there is no evidence that plaintiff has any lien upon the land described in the judgment here appealed from. Daugherty v. Eastburn, 74 Texas, 68.

No brief for appellee reached the Reporter.

TARLTON, Chief Justice.—The record in this case presents but one error. This, however, will require a reversal of the judgment.

The appellee, Brooks, seeks to recover from appellants the amount of a promissory note, with a decree foreclosing the vendor's lien on property described in the petition as " a certain lot situated in the town of Wichita Falls, Texas, in the county of Wichita, fronting 50 feet on Seventh Street and 100 feet on Scott Avenue, on the nort side of Seventh Street, and being part of lots 8 and 9 in block 151, according to the map of said town."

In the decree foreclosing the lien the property is described as above set out. The sole evidence offered describing or identifying the property as that on which a vendor's lien is retained consisted in the recital in the note, that it " is in part payment of purchase money for lot 50 feet on Seventh Street by 100 feet on Scott Avenue, this day deeded to us by Brooks and Penn."

This evidence did not authorize a foreclosure of the lien on the property as described in the petition. Daugherty v. Eastburn, 74 Texas, 68.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 22, 1893.