Vol. 124.]   JANUARY TERM, 1907.   435

J. M. Robinson, Norton & Co. v. Corsicana Cotton Factory, &c.

CASE 55.—ACTION BY. J. M. ROBINSON, NORTON & CO.,
   AGAINST THE CORSICANA COTTON FACTORY
   AND OTHERS.—January 24.

# J. M. Robinson, Norton & Co. v. Corsicana Cotton Factory, &c.

Appeal from Jefferson Circuit Court; Chancery Branch (Second Division).

SAMUEL B. KIRBY, Judge.

From the judgment plaintiff appeals.   Affirmed.

1. Merchant Brokers — Authority — Purchasing From — Risk Assumed.—A merchandise broker is one who negotiates the sale of merchandise without having it in his possession. He is an agent with very limited powers and ordinarily has no authority to receive payment for property sold by him for his principal; and a purchaser who pays the broker does so at his own risk and is not discharged from liability to the principal unless the authority of the broker to receive payment be expressed or may reasonably be implied from the circumstances.

2. Factors—Possession of Goods—Evidence of Ownership.—A factor or commission merchant is one who has the actual or technical possession of the goods or wares of another. The possession of the property is prima facie evidence of ownership, and being thus in possession for the purpose of sale a factor may sell it in his own name and collect the proceeds without disclosing the name of the principal.

3. Insolvent Broker—Selling Goods for Another—Knowledge of Purchaser—Rights of Owner.—Where a firm purchased goods from an insolvent broker and paid him for them with knowledge that they were not in his possession, and that he was selling them for another, such purchaser assumed the risk and is not entitled to recover the goods from the real owner.

4. On Motion for Damages—Judgments—Money Paid to Receiver

—Appeal—Supersedeas—Damages on Appeal.—An order for the payment of money to the receiver is a judgment for the payment of money, and, if superseded, on appeal, the ten per cent. damages allowed by section 764 of the Civil Code may be recovered thereon by appellee, if affirmed.

W. S. PRYOR and JAMES R. DUFFIN, attorneys for appellant.

### POINT AND AUTHORITIES.

1. Appellee pleads that there was no agency existing between it and English-Greene Company; that it sold the goods direct to English-Greene Company. Therefore if any agency is proven, it must be the agency of a factor as under the agency of a broker no attempt at a sale between principal and agent could occur.

2. On all letter heads and invoices used by English-Greene Company in corresponding and dealing with both appellant and appellee, English-Greene Company held itself out as a commission merchant or factor.

3. Stock lists of goods in ware houses, or bleacheries, at Rockaway, New Jersey and Clearwater, South Carliona were delivered by appellee to English-Greene Company.

From this stock as shown by these lists the goods in question were sold.

4. Appellant had made previous purchases of appellee through English-Greene Company acting as its factor viz., October 17, 1903, and had paid for these goods and received same promptly.

5. The Court erred in assuming that appellant relied solely upon the letter heads of English-Greene Company.

6. Appellee authorized English-Greene Company to change routing.

7. It was not necessary that English-Greene Company have had actual possession of the goods to create the agency of factor. Constructive possession was sufficient. (Slack v. Tucker, 23 Wall, 321, 90 U. S., 143; Gibson v. Stevens, 8 Howard, 384; Lucas v. Dorrein, 7 Taunt, 288; Spear v. Travers, 4 Camp., 251; Chaplin v. Rogers, 1 East, 192; Searle v. Keeves, 2 Esp., 598; Rive v. Austin, 17 Mass., 204; Harman v. Anderson, 2 Camp., 243; Wilkes v. Ferris, 5 Johns, 335; Zwinger v. Samuda, 7 Taunt, 261; Atkinson v. Malin, 2 Term Rep., 462; Hodgson v. Le Bret 1 Camp., 233; Hurry v. Mangles, 1 Camp., 452; Manton v. Moore, 7 Term Rep., 67; Hollingsworth v. Napier, 3 Cow, 182; Pleasants v. Pendleton, 6 Rand., 473; Bentall v. Burn, 3 Barn and Cr., 423; Story on Sales, sections 311, 312, 390, 392; Ryall v. Rolle, 1 Atk., 171; Jewett v. Warren, 12 Mass., 300; Hinde v. Whitehouse, 7 East, 588; Barney v. Brown, 2 Vt., 374.)

J. M. Robinson, Norton & Co. v. Corsicana Cotton Factory, &c.

8. English-Greene Company at no time offered to buy from appellee but at all times offered to sell for appellee.

Under these conditions and by this certain correspondence appellee accepted these identical orders by a telegram November 30, 1903, to English-Greene Company: "Your wire this day order accepted."

9. As early as January, 1904,English- Greene Company notified appellee that it had billed the goods out to appellant and was responsible for delivery. Yet appellee made no effort to disavow.

On February 27, 1904, Robinson-Hughes Company, in whose warehouse the goods were stored, notified appellee that the goods belonged to appellant and had been paid for to its agents, English-Greene Company. Still appellee did not disavow.

Principals must act promptly, and disavow, or they ratify. (1 Am. and Eng. Enc. of Law, 439 First Ed. (and cases cited) Clay v. Spratt, 7 Bush, 334.)

Therefore it is not necessary that English-Greene Company be a factor. Any agency whatever thus ratified would have bound appellee.

10. Appellee ratified all the acts of English-Greene Company by its letter of March 5, 1904, to Robinson-Hughes Company.

If a principal ratifies the acts of his agents, even for a moment, he is bound by them, and can no more deny the agent's authority. (1 Am. and Eng. Enc. of Law, 434.)

A principal that affirms and assumed the agency cannot afterwards disaffirm. (Whitfield v. Riddle, 78 Ala., 99; McGeoch v. Hooker, 11 Ills. App., 649.)

11. The court erred. in its statement "It is conceded that that English Greene Company did not have either actual or constructive possession of the goods." Appellant no where conceded this. (Burton v. Goodspeed, 69 Ills., 237.)

12. Extent and power of a factor defined by usage. (3 Am. and Eng. Enc. of Law, 319 First Ed.; Randall v. Kehloss, 60 Me., 37; Upton v. Mills Co., 11 Cush., 58; Smith v. Tracy, 36 N. Y., 79; Palmer v. Hatch, 46 Mo., 585; Dennis v. Ashley's Adm'r, 15 Mo., 453; Roosevelt v. Doherty, 129 Mass., 301.)

13. Factors may sell in their own name the goods of their principals and bind their principals in the same way and to the same extent as if his own name were used. (3rd Am. and Eng. Enc. of Law, 321, First Ed.; Graham & Co. v. Duckwall, Fitch & Co., 8 Bush, 12; Slack v. Tucker, 23 Wall., 321; Burton v. Goodspeed, 69 Ills., 238; Blood v. Palmer, 11 Me., 414; Pinkham v. Crocker, 77 Me., 563; Miller v. Lea, 35 Md., 396; Spears v. Loague (Tenn.) 6 Cold., 420; Saladin v. Mitchell, 45 Ills., 79; Beardsley v. Schmidt, 98 N. W., 235; Haas v. Ruston, 14 Ind. App., 8.)

14. A factor may receive payment for his principal. (Adams v. Frazier, 82 Fed., 211; Traub v. Milliken, 57 Me., 63; Butler v. Dorman, 68 Mo., 298; Higgins v. Moore, 34 N. Y., 417-419; Pickering v. Busk, 15 East, 38 Eng.; Seiple v. Irwin, 30 Pa. St., 513; Rice v. Groffman, 56 Me., 434; Byrne, Ryan & Co. v. Schnoing, 6 B. M., 199; De Lazardi & Co. v. Hewitt, Allison & Co., 7 B. M., 697; Graham v. Duckwall, 8 Bush, 12.)

15. A purchaser may sue the principal on contracts made by an agent for an undisclosed principal. (Violett v. Powell's Adm'r, 10 B. M., 347; Wilson v. Thompson, 1 Met., 123; Jones v. Johnson, 86 Ky., 530; Tutt v. Brown, 5 Littell, 1; Pope v. Meadow Springs Dist., 20 Fed., 35; Ford v. Williams, 2 How., 287; New Jersey Steam Navigation Co. v. Merchants Bank of Boston, 6 How., 465; Graham v. Duckwall, 8 Bush, 12; Kayton v. Barnett, 116 N. Y., 625; Freund v. Hixon, 49 Pacific, 640; Elliott v. Bodine, 36 Atl., 1038; Harrison v. Schoff, 101 Ia., 463; Pentz v. Stanton, 10 Wend. (N. Y.) 271; Taintor v. Prendergast, 3 Hill, 72; Raymond v. The Mills Co., 2 Met. (Mass.) 319; Burton v. Goodspeed, 69 Ills., 237.)

16. Graham v. Duckwall, 8 Bush, 12, distinguished.

WATTS & GIFFORD, attorneys for appellee, Corsicana Cotton Factory.

### CLASSIFICATION.

1. A broker is a mere negotiator between two parties and acts in the name of his employer. (Graham & Co. v. Duckwall, Fitch & Co., 8 Bush, page 12.)

Merchandise brokers are those who negotiate the sale of merchandise, without having it in their possession or control. (American & Eng. Ency., vol. 4, page 961.)

"A factor is a commercial agent to whom the possession of personal property is entrusted by and for the owner, to be sold for compensation, in pursuance of the agent's usual trade or business,". (American & Eng. Ency. of Law, vol. 12, page 628.)

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

All of the parties to this litigation are corporations. The appellant, J. M. Robinson, Norton & Co., is a wholesale dry goods dealer in Louisville, Ky. The appellee operates a cotton mill in Corsicana, Tex.

The English-Greene Company was a merchant broker residing in New York. This latter company sought to purchase certain cotton goods from the appellee, and to re-sell the same at an advanced price to the appellant. Appellee had no confidence in the English-Greene Company, and undertook to escape the hazards of the credit system by selling for cash. The wisdom of this precaution seems to have been justified by what afterwards occurred. The English-Greene Company ordered appellee to ship the goods to Louisville. This was done by appellee, with the precaution of billing it in its own name and then forwarding the bills of lading to New York with a draft for the purchase money attached thereto, thus reserving possession of the property until the purchase price was paid. In the meantime the English-Greene Company had drawn on its vendee, J. M. Robinson, Norton & Co., for the price of the goods it was to deliver, and the latter paid the draft. The draft drawn by the appellee on the English-Greene Company for the money due it went to protest, and, of course, the bills of lading were not delivered. With matters standing thus, appellant finding that the goods were in Louisville, although in the name of the owner (appellee), brought this action to obtain them. The right of the appellant to obtain the goods without paying for them was denied by the appellee, and as one of the two must lose, owing to the insolvency of the English-Greene Company, the question arises whether or not this loss must fall upon appellant, who seems to have trusted the English-Greene Company absolutely, or appellee, who refused to trust it at all. As the chancellor of the second chancery division of the Jefferson cicruit court, who tried the case below, has written an opinion lucidly stating the facts and

correctly drawing the legal conclusions therefrom, we adopt it as our own. It is as follows:

"On or about the 27th day of November, 1903, the plaintiff, J. M. Robinson, Norton & Co., contracted to buy from English-Greene Company, a New York corporation, certain cotton goods. The price agreed upon was $1,052.18, upon which plaintiff was to have a discount for cash in ten days of 2 per cent. The statements or bills of sale furnished plaintiff by English-Greene Company were dated December 5, 1903, and December 8, 1903. These statements of sales were indorsed by English-Greene Company to their bankers, Krauth, Nachod & Kuehne, for collection, and on December 17, 1903, the plaintiffs, in order to avail themselves of the discount of 2 per cent, paid Krauth, Nachod & Kuehne the net amount of the consideration by a draft upon their (plaintiff's) bank in New York City. English-Greene Company was a corporation doing the business of a commission merchant and broker, with offices in Providence, R. I., and New York City. The merchandise sold by them was the property of the defendant, Corsicana Cotton Factory, of Corsicana, Texas, and was at the time of the sale in the possession of the defendant, although in New Jersey. Upon request from English-Greene Company to ship the merchandise to Louisville, Ky., to their order, the Corsicana Cotton Factory shipped it to Louisville, but to their own order, and forwarded the bills of lading, with the drafts attached, to English-Greene Company at Providence. These drafts of the Corsicana Cotton Factory were never paid by English-Greene Company, or by any one for them, and the merchandise was never received by the plaintiff, the defendant refusing to surrender the bills of lading or allow the plaintiff to take possession of

the goods unless they were first paid for. English-Greene Company is a non-resident or foreign corporation, and is bankrupt. In this effort to recover the money paid by plaintiffs, the goods were attached.

"The right of plaintiff to recover in this action depends upon the relationship of English-Greene Company to the Corsicana Cotton Factory. It is earnestly urged by plaintiff that English-Greene Company was a factor or commission merchant, representing the defendant cotton factory, and as such was authorized to sell the goods and to collect the proceeds. Upon the other hand, the defendant insists that it owes no duty to plaintiff, because, at most, English-Greene Company was a mere merchandise broker, and as such had no authority to collect the proceeds. The law makes a very wide distinction between merchandise brokers and factors, or, as they are most frequently called, 'commission merchants.' A factor or commission merchant is one who has the actual or technical possession of goods or wares of another for sale. Thus the property may be in his own warerooms, or he may have a warehouse receipt of bill of lading. The possession of the property is prima facie evidence of ownership. Being thus intrusted with possession of it by the owner for the purpose of sale, a factor may sell it in his own name, without disclosing the name of his principal, and he may collect the proceeds and give the purchaser a complete acquittance. Am. & Eng. Ency. of Law (2d Ed.), volume 12, pp. 628, 636. Merchandise brokers are defined to be 'those who negotiate the sale of merchandise without having it in their possession or control.' Am. & Eng. Ency. of Law (2d Ed.), volume 4, p. 961; Story on Agency, section 34. He is simply an agent with very limited powers, and with reference to right to receive payment it is universally held:

'A broker has, ordinarily, no authority to receive payment for property sold by him for his principal, and a purchaser who pays the broker does so at his own risk. Such payment does not discharge him from liability to the principal, unless the authority of the broker to receive payment be express or may reasonably be implied from the circumstances.' Am. & Eng. Ency. of Law (2d Ed.), volume 4, p. 965; Mechem on Agency, section 949; Graham v. Duckwall, 8 Bush, 12; Seiple v. Irwin, 30 Pa. 513; Higgins v. Moore, 34 N. Y. 417; Basset v. Lederer, 1 Hun (N. Y.), 274; Crosby v. Hill, 39 Ohio St. 100. There is also a very instructive case in point in Saladin v. Mitchell, 45 Ill. 79. A broker differs from a factor in that he has not possession of the goods to be bought or sold for his principal. Story on Agency, section 34; Slack v. Tucker, 23 Wall (U. S.) 321, 23 L. Ed. 143. Whether the selling agent has possession of the wares determines the character of his agency. That is the test, and the law defining their respective duties and powers is as old as the law of commerce.

"Plaintiff has cited the case of Slack v. Tucker, 23 Wall (U. S.) 143, 23 L. Ed. 143, as supporting its contention; but an examination of that opinion shows that the question before the court was one of taxation under a federal revenue statute, and, while the court upheld Upham, Tucker & Co., who were conducting business by methods somewhat similar to the methods of English-Greene Company, to be commission merchants, that case can be distinguished from the case at bar. It is conceded that English-Greene Company did not have either actual or constructive possession of the goods, and it follows, therefore, that they were simply merchandise brokers. It is true, as urged by counsel for plaintiff, that upon English-Greene Company's letterheads they styled themselves 'Commis-

sion Merchants;' but that circumstance cannot affect the question. A commission merchant may be a broker for any number of transactions, and a broker may also act in the capacity of a factor. It is the transaction which makes him a broker or a factor, and not what he may choose to style himself. Moreover, the plaintiff knew the character of agency of English-Greene Company, when the letter written November 30, 1903, to them by English-Greene Company was received. That letter was as follows: 'J. M. Robinson, Norton & Co.—Gentlemen: Your favor of the 27th received. Enclosed please find order sheet for 3c ducks. Have written mill to have goods shipped K. D., instead of Cont. Line. Regarding labeling these goods, we cannot very well have this done. This is a little lot of goods owned by a mill. We are merely selling for them, and price is very low, so they do not like altering the condition of the goods any; but they are all firsts, no seconds among them. Would be glad if you can use some of the other styles. Yours truly, English-Greene Company, Lovett.' This letter advised plaintiff that the goods were not in English-Greene Company's possession, but were in the possession of the 'mill.' It, moreover, advised plaintiff that the goods were owned by a 'mill,' and that English-Greene Company were 'merely selling for them.' With this letter before them, they took upon themselves the risk of loss when they paid English-Greene Company.

"The plaintiff's petition must be dismissed, and the attachment discharged, and the defendant given judgment for costs."

For the reasons given in the foregoing opinion of the Chancellor, the judgment is affirmed.

OPINION OF THE COURT BY JUDGE HOBSON ON MOTION
FOR DAMAGES—Motion sustained.

During the progress of the action the property
attached was sold. Appellant was the purchaser at
the sale and executed bond for the price, $730. In
its final judgment the court dismissed appellant's
petition, discharged the attachment, ordered appellant
to pay into court the amount of its bond, $730, and
ordered that as soon as the money was paid into
court, the appellee might immediately withdraw it.
Appellant appealed, superseding the judgment. The
judgment was affirmed. (J. M. Robinson-Norton Co.
v. Corsicana Cotton Factory, 30 Ky. Law Rep., 580.)
Appellee has entered a motion for damages on the
supersedeas.

By section 764 of the Civil Code ten per cent.
damages on the amount superseded shall be awarded
against the appellant upon the affirmance of a judg-
ment for the payment of money the collection of which
has been superseded. The judgment here appealed
from was a judgment for the payment of money by
the appellant. Its collection was superseded. The
order for the payment of the money into court and
its immediate withdrawal by appellee was only a form
of requiring the money to be paid by appellant to
appellee. The fact that the receiver was to take the
money from the appellant and immediately pass it
on to appellee did not change the substance of the
transaction. The receiver was only the medium
through whom the money was to pass from appellant
to appellee. Appellant, by reason of the supersedeas,
kept the money and had the use of it. The ten per
cent. damages are allowed on judgment for the pay-
ment of money if superseded to deter parties from
refusing to pay over money pursuant to the judgment

and thus endangering the rights of the appellee. An order for the payment of money to the receiver is a judgment for the payment of money. The fact that payment is to be made to an officer makes it none the less a judgment for the payment of money, than if the payment is to be made to an individual.

An order for the distribution of a fund in court is not an order for the payment of money by the appellant. He does retain the use of the money by means of the supersedeas. It then remains in the custody of the court. So such orders have been held not judgments for the payment of money. But the judgment here superseded was literally a judgment for the payment of money and damages on the supersedeas must be awarded.

Motion sustained.