CASE 11.—MOTION BY J. M. ROBINSON, NORTON & CO., FOR DAMAGES ON A SUPERSEDEAS BOND EXECUTED IN AN APPEAL AGAINST CORSICANA COTTON FACTORY.—June 7.

# Robinson, Norton & Co. v. Corsicana Cotton Factory

Motion in Appellate Court for damages on supersedeas bond.

Costs — Appeal — Affirmance — Undertaking — Damages.—A judgment ordering a party to pay a specific sum into court, and authorizing the adverse party to withdraw it as soon as paid, is a judgment for the payment of money, within Civ. Code Prac. Sec. 764, providing that, on the affirmance of a judgment "for the payment of money," the collection of which has been superseded, 10 per cent. damages on the amount superseded shall be awarded against appellant.

W. S. PRYOR and JAMES R. DUFFIN for appellant.

GREENE & VANWINKLE and THATCHER, GIFFORD & STEINFELDT for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Sustaining motion.

During the progress of the action, the property attached was sold. Appellant was the purchaser at the sale, and executed bond for the price, $730. In its final judgment, the court dismissed appellant's petition, discharged the attachment, ordered appellant to pay into court the amount of its bond, $730, and ordered that, as soon as the money was paid into court, the appellee might immediately withdraw it. Appellant appealed, superseding the judgment. The

judgment was affirmed.   J. M. Robinson & Co. v. Corsicana Cotton Factory, 124 Ky. 435, 99 S. W. 305, 30 Ky. Law Rep. 580.   Appellee has entered a motion for damages on the supersedeas.

By section 764 of the Civil Code of Practice, 10 per cent. damages on the amount superseded shall be awarded against the appellant upon the affirmance of a judgment for the payment of money the collection of which has been superseded.   The judgment here appealed from was a judgment for the payment of money by the appellant.   Its collection was superseded.   The order for the payment of the money into court, and its immediate withdrawal by appellee, was only a form of requiring the money to be paid by appellant to appellee.   The fact that the receiver was to take the money from the appellant, and immediately pass it on to appellee, did not change the substance of the transaction.   The receiver was only the medium through whom the money was to pass from appellant to appellee.   Appellant, by reason of the supersedeas, kept the money, and had the use of it. The 10 per cent. damages are allowed on judgments for the payment of money, if superseded, to deter parties from refusing to pay over money pursuant to the judgment, and thus endangering the rights of the appellee.   An order for the payment of money to the receiver is a judgment for the payment of money. The fact that payment is to be made to an officer makes it none the less a judgment for the payment of money, than if the payment is to be made to an individual.

An order for the distribution of a fund in court is not an order for the payment of money by the appellant.   He does retain the use of the money by means of the supersedeas.   It then remains in the custody

of the court. So such orders have been held not judgments for the payment of money. But the judgment here superseded was literally a judgment for the payment of money, and damages on the supersedeas must be awarded.

Motion sustained.