McCORNICK AND COMPANY, BANKERS, a Corporation, Respondent, v. TOLMIE BROTHERS, a Copartnership, Consisting of GEORGE E. TOLMIE, JOHN A. TOLMIE, and DONALD TOLMIE, and GEORGE E. TOLMIE, JOHN A. TOLMIE and DONALD TOLMIE, Appellants.

[243 Pac. 355.]

TRIAL—MOTION FOR DIRECTED VERDICT—EFFECT—PROMISSORY NOTE— FAILURE OF CONSIDERATION — POSSESSION—OWNERSHIP—INDORSE- MENT FOR COLLECTION—ACTION BY INDORSER—WITNESSES—OFFI- CER OF CORPORATION — BOOK ENTRIES—PRINCIPAL AND AGENT— EVIDENCE — DECLARATIONS OF AGENT — ESTOPPEL OF UNDISCLOSED PRINCIPAL — ESTOPPEL OF AGENT — ADOPTION OF TRANSACTION BY UNDISCLOSED PRINCIPAL—EFFECT.

1. A motion for a directed verdict admits the truth of all the evidence in favor of the adverse party, and every inference of fact that may legitimately be drawn therefrom, and should be denied unless there is no substantial evidence whatever on any question of fact about which reasonable minds might differ, which, if found in favor of the adverse party, would support a verdict for him.

2. The fact that capital stock of a corporation, for which a promissory note was given, subsequently became of little or no value, is not proof of a failure of consideration.

3. Possession of a promissory note is *prima facie* evidence of ownership.

4. An indorsement of a promissory note for collection does not prevent an action thereon by the indorser.

5. Evidence given by the secretary of a corporation, of entries in the books of the company, is admissible where it is shown that the witness had personal knowledge of the entries testified to, that they were in his own handwriting, and that, at the time the witness had the books of account before him.

6. While agency cannot be established by the declarations of the alleged agent, declarations as to the identity of his principal are admissible in evidence to show that those with whom he transacted business understood they were dealing with such alleged principal, and are competent as representations tending to establish an estoppel of the undisclosed principal, who has adopted the acts of the agent and the fruits of the agency.

7. One who professes to act as agent for another in a particular transaction may be estopped, as against both the supposed principal and third persons interested in the transaction, to deny the agency.

8. An undisclosed principal, adopting the transaction of his agent, steps into the position of the one whom the agent falsely claimed to be his principal, and is bound by all the representations made by the agent and the law applicable to established facts, as much as the alleged principal would have been had he in fact been such principal.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Publisher's Note.

1. See 26 R. C. L. 1067.

3. See 3 R. C. L. 980.

4. Right of holder of negotiable instrument for collection to sell in own name, see note in Ann. Cas. 1913B, 477. See, also, 3 R. C. L. 989.

8. Suits by undisclosed principals or contracts made with their agents, see note in 55 Am. St. 916.

See Agency, 2 C. J., sec. 71, p. 461, n. 11; sec. 75, p. 466, n. 37, 38; sec. 692, p. 935, n. 27; sec. 694, p. 939, n. 41, 42.

Bills and Notes, 8 C. J., sec. 361, p. 224, n. 38; sec. 1091, p. 831, n. 75; sec. 1309, p. 1003, n. 86.

Corporations, 14 C. J., sec. 1052, p. 682, n. 84.

Evidence, 22 C. J., sec. 1240, p. 990, n. 50.

Trial, 38 Cyc., p. 1565, n. 77; p. 1567, n. 97, p. 1576, n. 33.

Action on promissory note. Judgment for plaintiff. *Reversed and remanded.*

Miller & Ricks, for Appellant.

An instruction which directs a verdict has the same effect as an order sustaining a motion for nonsuit, in that it admits the truth of the adversary's evidence and every inference of fact that may be legitimately drawn therefrom. In effect it instructs the jury that there is no evidence to support the claims of the party against whom such verdict is directed. (*Moody v. Morris-Roberts Co.*, 38 Ida. 414, 226 Pac. 278, and cases cited.)

In case of a note given for securities sold in violation of the blue sky law, the title of the payee is defective, since the consideration therefor is illegal. (*Weisendanger v. Lind*, 114 Kan. 523, 220 Pac. 263; *Merriam v. West*, 114 Kan. 131, 216 Pac. 1102.)

Oscar A. Johannesen and Gustin and Pence, for Respondent.

If a purchaser receives exactly what he has contracted for, and if he stipulated originally for a thing of value, he cannot avoid the contract because it does not prove as advantageous to himself as he had anticipated, or because the thing for which he bargained and which he has received proves to be substantially worthless in fact. (Page on Contracts, 2d ed., sec. 2978; *Hurlbut v. Kephart*, 50 Colo. 353, 115 Pac. 521.)

The adequacy of the consideration is immaterial, and courts will not ordinarily go into equality or inequality of considerations. (6 R. C. L., p. 678; Page on Contracts, 2d ed., sec. 635; 6 Cal. Jur., sec. 128.)

The "blue sky law" is not applicable to the sale of stock by a stockholder of a corporation, of stock standing upon the records of the company in his name, or in the names of members of his family, and a sale of such stock by such persons is not a violation of the law. (*Dursum v. Benedict*,

209 Mich. 115, 176 N. W. 459; *Gutterson v. Pearson,* 152 Minn. 482, 189 N. W. 458.)

Agency cannot be proved by the declarations of the alleged agent. (*Missouri P. R. Co. v. Johnson,* 55 Kan. 344, 40 Pac. 641; *Santa Cruz, etc., v. I. X. L. Lime Co.,* 5 Cal. Unrep. 495, 46 Pac. 382; *Gregory v. Loose,* 19 Wash. 599, 54 Pac. 33; *Pepper v. Cairns,* 133 Pa. 114, 19 Am. St. 625, 19 Atl. 336, 7 L. R. A. 750.)

TAYLOR, J.—Plaintiff, respondent, brought this action upon a promissory note, and alleged its purchase of the note from one Thomas L. Matkins, who, it alleged, claimed to be the owner of the note. The defendants, after a specific denial sufficient to tender an issue as to the complaint, set up three affirmative defenses, and, as a first paragraph of each, alleged—

"That the promissory note set out in plaintiff's complaint was executed by the defendants at Shelley, Bingham County, Idaho, and was then and there delivered, endorsed in blank, to the Pingree Sugar Company, as the purchase price of ten shares of the capital stock of said Pingree Sugar Company, and not otherwise."

Defendants' first affirmative defense alleged false and fraudulent representations made by "the said Pingree Sugar Company, its officers, agents and representatives," to induce the purchase and execution of the note, with allegations of defendant's reliance thereon and the falsity thereof, and the return by them of the certificate of stock to the Pingree Sugar Company.

The second defense alleged a failure of consideration in this, that the sugar company "was insolvent and without assets and had no credit or property, and the capital stock of the Pingree Sugar Company was valueless, and the said ten shares of the capital stock of said company issued to defendants as the consideration for said note (were) worthless and of no value to defendant. . . . . "

The third defense alleged that the Pingree Sugar Company was a California corporation, subject to the provisions of C. S., secs. 5305–5324, the so-called blue sky law; that it

had not complied therewith; and that, by reason of such failure, and by reason of the fact that "the said promissory note (is) non-negotiable, and is founded upon an unlawful transaction, the said plaintiff is estopped from recovering on said note."

Plaintiff pleaded that the note was purchased by it in Utah, with other facts to avoid the possible application of Idaho decisions that the note was non-negotiable. The form of the note has been determined by this court to render it non-negotiable. (*Sanderson v. Clark*, 33 Ida. 359, 194 Pac. 472; *Union Stock Yards Nat. Bank v. Bolan*, 14 Ida. 87, 125 Am. St. 146, 93 Pac. 508.)

The defendant active in the purchase and who signed the note testified that Ross B. Matkins, who made the sale, represented that he was an agent of the Pingree Sugar Company, and was selling stock of the company for the company, and also testified as to other representations made and their falsity. As to the falsity of the representations, he was supported by the evidence of another witness. It was stipulated that the Pingree Sugar Company was a California corporation, subject to the provisions of C. S., c. 206, secs. 5305–5324, the so-called blue sky law, and had not complied therewith. Witnesses for the plaintiff, including Ross B. Matkins, testified that he was the person who made the sale, with such representations as were made; that he was the agent of, and was selling the stock of, his brother Thomas L. Matkins in the company, and was not the agent of the Pingree Sugar Company, or selling stock for or owned by the company. A deposition was read in evidence by plaintiff, made by the secretary of the Pingree Sugar Company, showing that the stock sold was part of 1,000 shares of stock transferred by Pingree, the president of the Pingree Sugar Company, to Thomas L. Matkins. This evidence shows that a certificate for 1,000 shares standing in the name of Pingree was surrendered and divided into 100 certificates of presumably 10 shares each, issued in the name of Thomas L. Matkins, and that it was one of these certificates which was surrendered and a new one for 10 shares issued to the defendants. The surrender of this certificate

by Pingree and the transfer to Thomas L. Matkins, were not made upon the books until September 10, 1919, and the certificate issued to defendants October 1, 1919, the first transaction being 16 days after the sale of the stock to defendants.

At the close of all the evidence, the court on motion directed a verdict for the plaintiff, and entered judgment thereon. The appeal is from that judgment.

[1] The directed verdict can be sustained, of course, only upon the ground that there was no evidence sustaining the defense, either in defendants' evidence or in the whole case, The motion for a directed verdict admits the truth of all the evidence in favor of the defendants, and every inference of fact that may legitimately be drawn therefrom (*Moody v. Morris-Roberts Co.*, 38 Ida. 414, 226 Pac. 278), and should have been denied unless there was no evidence material to the defense on any question of fact about which reasonable minds might differ, which, if found in favor of the defendants, would have supported a verdict for them. (*Pocatello Security Trust Co. v. Henry*, 35 Ida. 321, 206 Pac. 175, 27 A. L. R. 337; *Keane v. Pittsburg Lead Min. Co.*, 17 Ida. 179, 105 Pac. 60.)

Appellants specify as error: (1) That there was sufficient evidence to go to the jury; (2) error in the admission of the deposition of George T. Crandell for plaintiff; (3) that the plaintiff was not entitled to recover because the Pingree Sugar Company had not complied with the blue sky law (C. S., secs. 5305–5324); and (4) that the evidence show; that plaintiff was not the real party in interest, the legal holder and owner of the note, but that it had been indorsed by plaintiff to the Assets Realization Corporation, and was owned by the latter.

[2] Defendants' second defense of failure of consideration needs little discussion. They admitted receiving the stock, and there is no evidence to support their allegation that, at the time of the sale, the company was insolvent or without assets, property or credit. There is evidence that the company did have assets. The fact that the stock subsequently became of little or no value is not proof of a failure of con-

sideration.   (*Pittsburg Stove & Range Co. v. Pennsylvania Stove Co.,* 208 Pa. 37, 57 Atl. 77; *Coles v. Kennedy,* 81 Iowa, 360, 25 Am. St. 503, 46 N. W. 1088; *Leonard v. Draper,* 187 Mass. 536, 73 N. E. 644; *Pinto v. Pulidora,* 162 N. Y. Supp. 736; 8 C. J. 224, n. 38.)

[3, 4]   Defendants urge that the evidence did not establish plaintiff to be the real party in interest, the holder and owner of the note, but, on the contrary, that indorsements thereon proved the Assets Realization Corporation to be the owner. McCornick and Company had possession of the note, and the indorsements were shown to have been made for collection, with no evidence to the contrary.   Possession was *prima facie* evidence of ownership.   An indorsement for collection does not prevent an action by the indorser, since the indorsement is subject to recall at his pleasure. · (*Carter v. Butler,* 264 Mo. 306, Ann. Cas. 1917A, 483, 174 S. W. 399; *Daugherty v. Eastburn,* 74 Tex. 68, 11 S. W. 1053; *Dugan v. United States,* 3 Wheat. (U. S.) 172, 4 L. ed. 362.)

[5]   Appellants urge that the court erred in admitting evidence by the deposition of George T. Crandell, secretary of the Pingree Sugar Company, with respect to the contents of the records of the Pingree Sugar Company, for the reason that the books were the best evidence.   The witness showed that he had personal knowledge of the entries he testified to, that they were in his own handwriting, and that, at the time the deposition was taken, he had the books of account before him.   Evidence of these entries, being within the personal knowledge of Crandell, was admissible.   (*Fidelity & Deposit Co. v. Bassett,* 133 Wash. 77, 233 Pac. 325; *Oliver v. Weaver,* 72 Colo. 540, 212 Pac. 978; *Cowdery v. McChesney,* 124 Cal. 363, 57 Pac. 221; *Finseth v. Scherer,* 138 Minn. 355, 165 N. W. 124; 2 Jones' Commentaries on Evidence, sec. 201a.)

[6]   Plaintiff contends that agency cannot be proven by the declarations of the alleged agent, and that there is no proof of the agency of Ross B. Matkins for the Pingree Sugar Company, other than his statement, and that therefore defendants failed to establish their defense as to false

representations. The declaration was admissible to show that defendants understood they were dealing with the Pingree Sugar Company as principal, (*Lawson v. Steinbeck,* 44 Cal. App. 685, 186 Pac. 842), and was competent as a representation tending to establish estoppel of Thomas L. Matkins.

In view of the fact that a new trial is to be granted, we will not discuss the sufficiency or weight of the evidence of false representations, except to say that there was sufficient evidence for the case to go to the jury if the agency of Ross B. Matkins for the Pingree Sugar Company could be found from evidence other than his declarations, or if plaintiff, which stands in the same relation as Thomas L. Matkins, is estopped to deny that Ross B. Matkins was the agent of the company.

We do not say that a verdict for defendants, based on a finding by the jury from the other evidence of the transaction than Ross B. Matkins' declaration of his agency, would be wholly contrary to the evidence, or against the law as wholly unsupported by the evidence of the actual ownership and issue of the stock by the company. The deposition showing the actual condition of the stock on the record in itself tends to support the defense.

Plaintiff, in its brief, makes the statement that Thomas L. Matkins was a stock broker. Webster's New International Dictionary (G. & C. Merriam Co., 1921) defines a "stock broker" as "A broker who deals in stocks."

A "broker" is defined by the same authority as "A dealer in money, notes, bills of exchange, etc.;—often with a qualifier; as, bill broker, exchange · broker. Unlike the factor, the broker does not, as broker, take possession of, nor have a lien upon, the subject matter of the negotiation; nor does he contract in his own name except where this rule is varied by local custom, or the like. He is primarily the agent of the party by whom he is originally employed, but for some purposes, as the execution of the broker's note, he is the agent of both parties."

Bouvier's Law Dictionary (8th ed.) defines "stock brokers" as "Those employed to buy and sell stocks and

bonds of incorporated companies, and government bonds,''
and ''brokers'' as ''Those who are engaged for others
in the negotiation of contracts relative to property, with
the custody of which they have no concern. . . . .

''A commission merchant differs from a broker in that
he may buy and sell in his own name without disclosing
his principal, while the broker can only buy or sell in the
name of his principal. A commission merchant has a lien
upon the goods for his charges, advances, and commissions,
while the broker has no control of the property and is only
responsible for bad faith. *Edwards v. Hoeffinghoff,* 38 Fed.
635.

''One who negotiates a sale of another's property with-
out having either actual or constructive possession of it is
a broker as distinguished from a factor. *J. M. Robinson,*
*Norton & Co. v. Cotton Factory,* 124 Ky. 435, 14 Ann.
Cas. 802, 99 S. W. 305, 102 S. W. 869, 8 L. R. A., N. S.,
474.''

[7] Conceding that Thomas L. Matkins was a stock
broker carries with it the definition of his position as known
and undertood by common usage. It would be going to the
extreme to hold that one recognized as a stock broker, and
thereby recognized as one who dealt in stocks not his own,
could, in such a case as this and by such a subterfuge, evade
the salutary provisions of the blue sky law. While the
admission of the brief was not before the jury, we discuss
it in its relation to the evidence and law of this case, in
view of the fact that the jury might find that just such a
state of facts existed.

''One who professes to act as agent for another in a
particular transaction may be estopped as against both
the supposed principal, and third persons interested in
the transaction, to deny the agency.'' (2 C. J. 466, sec.
75.)

'' . . . .Where A. represents to B. that his principal is
X., . . . . A. may be estopped, as against B., from declaring
at any subsequent time, before the contract or transaction
has been wholly performed or carried through, that any
person other than X. is his principal, or, therefore, that he

(A.) is his own principal, if the personality of X. from the point of view of skill, financial responsibility, or character, as compared with that of A., was a material inducement to B. to enter into the contract or transaction, in the sense that he would not have done so if he had been informed by A., or had believed, that A., or any person other than X., was the party in whose skill, integrity, or solvency he was to confide. . . . . '' (Spencer Bower on Estoppel by Representation, p. 212, sec. 236.)

See, also: *Burke Land & Livestock Co. v. Wells*, 7 Ida. 42, 60 Pac. 87; *Wharton v. Tierney-Toner Co.*, 126 Wash. 216, 217 Pac. 998; *Dimmick v. Sprinkel*, 59 Wash. 329, 109 Pac. 1018; *Alpena Lumber Co. v. Fletcher*, 48 Mich. 555, 12 N. W. 849; *Siers v. Wiseman*, 58 W. Va. 340, 52 S. E. 460; *Walters v. Bray* (Tex. Civ. App.), 70 S. W. 443; *Hereford v. Southern Pac. Ry. Co.* (Tex.), 7 S. W. 218; *Reigard v. McNeil*, 38 Ill. 400; *Executors of Sprigg v. Herman*, 6 Mart., N. S. (La.), 510; *Smith v. Kemper*, 4 Mart., O. S. (La.), 409, 6 Am. Dec. 708; *McGee v. Barber*, 14 Pick. (Mass.) 212; *Rayner v. Grote*, 15 M. & W. 359, 153 Eng. Rep. 888.

[8] As to the failure of the Pingree Sugar Company to comply with the so-called blue sky law, this is especially pleaded as an estoppel against the plaintiff, and the affirmative defense of false representations is, in effect, a pleading of estoppel. Assuming that Thomas L. Matkins represented, or permitted his agent for him, an undisclosed principal, to represent, that the sale was being made for the company, he is estopped to adopt the benefits of the transaction and deny that the Pingree Sugar Company was in truth and in fact such principal. Assuming to be the principal in fact, he steps into the position of the one with whom the defendants were, by him and his agent, induced to believe they were dealing, and is bound by all the representations shown to have been made and the law applicable to established facts, as much as the supposed principal would have been had such supposed principal been such in fact, as represented.

The so-called blue sky law will not countenance the subterfuge of a pretended private ownership for purposes of sale and evasion of the law. If the Pingree Sugar Company were the actual principal, which assumes an actual agency, the defense of false representations, or that it had not complied with the blue sky law, would be good as against plaintiff, its assignee; or, if the jury found from the evidence that Ross B. Matkins made the representations alleged in the pleadings and supported by the evidence, and that plaintiff and its assignor, Thomas L. Matkins, were estopped to deny the existence of the Pingree Sugar Company as principal, then these defenses, including the failure of the company to comply with the blue sky law, would be a defense as against the plaintiff. (*Ashley & Rumelin, Bankers, v. Brady,* 41 Ida. 160, 238 Pac. 314.) The matter should have been submitted to the jury.

The judgment is reversed and the cause remanded for a new trial. Costs to appellants.

William A. Lee, C. J., and Wm. E. Lee, J., concur.

GIVENS, J.—I dissent from the doctrine announced in syllabi 6, 7 and 8, together with the discussion thereof in the body of the majority opinion, as not applicable herein.

I am authorized to state that Budge, J., concurs with me.