No. 282.

## COURT ET AL. *v.* SNYDER.

SALE.—*Executed.—Buyer Takes with all Defects in Absence of Warranty.—* Where the sale is an executed one, the buyer takes the thing sold with all the defects, if there be neither warranty nor fraud.

SAME.— *Sound Price.— Warranty.—* A sale for a sound price does not imply a warranty.

SAME.—*Unsound Animal.*—Where there is no wilful misrepresentation or artful device to disguise the character or conceal the defects of the thing sold, the vendee is bound by the contract, even though the vendor got a decided advantage in the trade, and put off on the vendee a defective article, such as an unsound horse.

SAME.—*Latent Defects.—Silence of Seller.— Warranty.*—The mere fact that the seller is aware of a latent defect in the animal will not amount to fraud if he fail to disclose it, unless he made some statement or made use of some act or device calculated to deceive the buyer, or to induce him not to make inquiry. His mere silence is not such an act as will constitute fraud, and no warranty can be implied therefrom.

SAME.— *Warranty by Auctioneer.— When Seller not Bound.*—The seller will not be bound by express warranties made by the auctioneer, or other special agent, unless he has specifically authorized such warranty.

From the Elkhart Circuit Court.

*J. H. Baker* and *F. E. Baker,* for appellants.

*S. J. North, H. D. Wilson* and *W. J. Davis,* for appellee.

REINHARD, J.—This was an action on a promissory note, brought by the appellee against the appellants.

There was an answer in two paragraphs. The court sustained a demurrer to both paragraphs of the answer, and this ruling is assigned as error.

The note was given as the purchase-price of a mare. The answer attempts to set up what the appellants designate as an implied warranty, though we confess it appears to us more as an effort to plead an express warranty.

The averments of the first paragraph of the answer are, that the mare for which the note was given, and which constituted the only consideration for such note, was at and before the time of the sale thereof " sick and diseased, and had

the seeds of an internal disease or malady from which she
died in about three months after said sale; that said disease
or malady with which said mare was affected was latent, af-
fecting her internal organs and functions, and the same was
not discoverable by the utmost care and diligence, and these
defendants did not know or suspect the existence of the same
at the time of said purchase; that said plaintiff knew of the
disease or malady with which said mare was affected before
said mare was sold to these defendants, and he purposely
concealed the existence thereof from these defendants in or-
der to obtain a sound price for said mare; that the more
effectually to sell said mare as sound, he procured and em-
ployed an auctioneer to sell said mare at public sale; that
said auctioneer had full authority to sell said mare, and he
was not instructed by said plaintiff not to warrant the sound-
ness of said mare; that at the time said sale was progressing,
and before the purchase was made, these defendants inquired
of said auctioneer whether said mare was sound and free
from disease, and they were informed by said auctioneer and
by another employee of said plaintiff that said mare was
sound and free from disease, which information they relied
upon as true, and on the faith thereof they purchased said
mare as sound and free from disease, and for the full value
of said mare if she had been sound and free from disease,"
etc. The second paragraph is in all essentials the same as
the first.

Are the facts pleaded sufficient as an answer to the com-
plaint? As a general rule, if there be no express warranty,
the law does not imply one. In such cases the rule of *caveat
emptor* is usually applied. This, we say, is the general rule,
which is not, however, without its exceptions.

One of the exceptions is in case of fraud. Says Parsons:
" It becomes, therefore, important to know what the law
means by fraud in this respect, and what it recognizes as such
fraud as will prevent the application of the general rule. *
* * The weight of authority requires that this should be

*active fraud.* The common law does not oblige a seller to disclose all that he knows, which lessens the value of the property he would sell. He may be silent, leaving the purchaser to inquire and examine for himself, or to require a warranty. He may be silent, and be safe ; but if he be more than silent; if by acts, and certainly if by words, he leads the buyer astray, inducing him to suppose that he buys with warranty, or otherwise preventing his examination or inquiry, this becomes a fraud of which the law will take cognizance. * * * · The seller may let the buyer cheat himship *ad libitum,* but must not actively assist him in cheating himself." 1 Parsons Contr. 578.

The rule is that, where the sale is an executed one, the buyer takes the thing sold with all the defects, if there be neither warranty nor fraud. And the decided weight of authority is also to the effect that a sale for a sound price implies no warranty. Parsons Contr. 584, and note (r). See, also, *Postel* v. *Oard,* 1 Ind. App. 252 ; Benjamin Sales, section 641, *et seq. ;* 10 Am. and Eng. Encyc. of Law, 133, *et seq.*

Where there is no wilful misrepresentation or artful device to disguise the character or conceal the defects of the thing sold, the vendee is bound by the contract, even though the vendor got a decided advantage in the trade, and put off on the vendee a defective article, such as an unsound horse. *Beninger* v. *Corwin,* 24 N. J. L. 257. See, also, 5 Lawson Rights and Rem., section 2373.

The mere fact that the seller is aware of a latent defect in the animal will not amount to fraud if he fail to disclose it, unless he made some statement or made use of some act or device calculated to deceive the buyer, or to induce him not to make inquiry. His mere silence is not such an act as will constitute fraud, and certainly no warranty can be implied therefrom. In such cases the buyer can always protect himself by inquiry, and by requiring an express warranty. While this rule may in individual cases result in hardships, and give designing men an apparent advantage over the un-

wary, its opposite would lead to endless litigation and injustice. 1 Parsons Contr. 577.

It was said by SHAW, C. J., in *Matthews* v. *Bliss,* 22 Pick. 48 : " Each may act upon the knowledge which he has, without communicating it. But *aliud est tacere, aliud celare.* With this advantageous knowledge, if there be studied efforts to prevent the other from coming to the knowledge of the truth, or if there be any, though slight, false and fraudulent suggestion or representation, then the transaction is tainted with turpitude." See, also, *Roseman* v. *Canovan,* 43 Cal. 110 ; *Smith* v. *Countryman,* 30 N. Y. 655.

There must be a suggestion of falsehood as well as a suppression of the truth. 10 Am. and Eng. Encyc. of Law, 112.

We are not unmindful that there are cases which hold that even mere silence will sometimes taint a transaction with fraud. There are circumstances, indeed, under which it becomes the seller's duty to disclose a latent defect that is unknown to the buyer, even though he is not asked about it, or has said or done nothing to mislead the buyer. But we do not think the facts averred bring this case within the lines of that class of cases.

Just what the circumstances were under which the sale was made, other than that it was at public auction, is not apparent from the answer. It is nowhere averred that the appellee was present at the sale or knew the slightest thing about it, except that he instructed the auctioneer to sell the animal and did not forbid him to warrant her. If there is any fraud shown, it must consist in his failure to go to the auction sale and there to make it known that the mare was unsound. But this can not be so ; on the contrary, it is well settled, we think, that he can not even be bound by express warranties made by the auctioneer, or other special agent, unless he has specifically authorized such warranty. *Richmond, etc., Co.* v. *Farquar,* 8 Blackf. 89 ; 1 Wait Actions and Defences, 478 ; 1 Am. & Eng. Encyc. of Law, 981. This being the law, and the appellants being presumed to

know the law, we do not see how it was possible for them to be legally defrauded by the acts or statements of the auctioneer or the third party present at the sale. And how the silence of the appellee could have contributed to such result when he is not shown to have been personally present at the sale, or even to have had any communication with appellants upon the subject of the sale, it is not easy to perceive.

Implied warranties arise by operation of law from the facts pleaded. It seems very much to us that it was the theory of the pleader here to set up an express warranty by the auctioneer, rather than to establish an implied warranty by the facts pleaded. But, however that may be, we do not think the facts sufficient in either case. We conclude, therefore, that the court committed no error in sustaining the demurrer to the answer.

Judgment affirmed.

Filed Oct. 13, 1891.