Filed Jan. 12, 1894.

———————◆———————

No. 1,028.

MERCHANTS' AND MECHANICS' SAVINGS BANK *v.* FRAZE ET AL.

PROMISSORY NOTE.—*Waiver of Extension of Time Renders Note Non-Negotiable.*—Where a promissory note contains a clause waiving "all defenses on the ground of any extension of the time of its payment that may be given by its holders to them [the makers], or either of them," such stipulation destroys the negotiability of the note, where, without such clause, it would be negotiable as an inland bill of exchange.

SALE.—*Implied Warranty.—Breach of.— When a Defense in an Action on a Note for Purchase-Price.—Answer.—Contract.—Tender.*—Where A., desiring to purchase a stallion for breeding purposes, so informed B., through his agent, who was a producer of, and dealer in, this kind of live stock, and undertook to sell A. a stallion for breeding pur-

poses, the sale carried with it an implied warranty that the horse should be reasonably fit for such purposes; and an answer setting up a breach of such warranty, in an action on a note given for the purchase-price, is sufficient where the note is subject to equities. In such case, where notice of the unfitness of the horse has been given, and the sellers agree with the buyer that he shall keep the horse another season and try him, and the horse dies before the season expires, a retender of the horse to the sellers was not required.

ASSIGNMENT OF ERRORS.—*Cause for a New Trial not Assignable as Error.*—*Instruction to Jury.*—A ruling which forms the basis for a new trial is not assignable as error, and an erroneous and prejudicial refusal to give a correct instruction is a cause for a new trial.

INSTRUCTIONS TO JURY.—*Contract.*—*Construction of.*—Where the court instructed the jury that they might adopt that construction of the contract which the parties had placed upon it themselves, such instruction was not erroneous.

JUDGMENT.—*Motion for Non Obstante.*—*Appellate Court Practice.*—*Evidence.*—In passing on a ruling on a motion for a judgment *non obstante*, the appellate tribunal can not look to the evidence to determine whether or not it sustains the general verdict.

From the Jay Circuit Court.

*E. L. Watson* and *J. M. Smith*, for appellant.

*G. H. Ward* and *J. S. Engle*, for appellees.

REINHARD, J.—The appellant sued the appellees in the Randolph Circuit Court, on a promissory note alleged to have been given by the appellees to Galbraith Bros., and by them assigned, before maturity, to the appellant.

The complaint is in two paragraphs, each of which contains a copy of the note sued upon, which is as follows:

"275.    WINCHESTER, IND., Jan. 20, 1890.

"June 1, 1890, for value received, we, the undersigned, of Saratoga, county of Randolph, and State of Indiana, jointly and severally promise to pay to the order of Galbraith Bros., of Janesville, Wis., the sum of two hundred and seventy-five dollars, negotiable and payable at the Randolph County Bank of Winchester, with interest at the rate of 8 per cent. per annum from date, with ex-

change and cost of collection and customary attorney's fees, without any relief whatever from valuation and appraisement laws. And the drawers and indorsers severally waive presentment for payment, protest for nonpayment and notice thereof, and all defenses on the grounds of any extension of the time of its payment that may be given by its holders to them, or either of them.

"BENJAMIN E. FRAZE,

"WILLIAM FRAZE."

The note was indorsed in blank "Galbraith Bros."

There was an answer in five paragraphs, to each of which a demurrer was filed and overruled. At this point in the proceedings the venue of the cause was changed to the court below, where, at a subsequent term, the appellants filed their reply in four paragraphs.

Upon the issues thus joined, there was a jury trial and a verdict in favor of the appellees.

With their general verdict the jury also returned answers to interrogatories submitted to them. Motions for judgment, notwithstanding the verdict, and for a new trial were filed by the appellant and overruled.

Separate errors are assigned upon the ruling of the court in overruling the demurrers to the several paragraphs of the answer.

It is conceded in the brief of appellant's counsel, that the second paragraph of the answer is sufficient. No particular objection is pointed out to the fifth paragraph.

The third and fourth paragraphs of the answer aver, that the note in suit was given to the payees in part consideration for a breeding horse; that there was an implied warranty accompanying the sale of the horse, and a breach of such warranty. It is claimed, on behalf of appellant, in argument, that neither of these paragraphs set up a valid defense:

(1) Because the note is governed by the law merchant,

and is alleged in the complaint to have been indorsed to the appellant for value, before maturity, and without knowledge of the defense now set up.

(2) That even if the note was not negotiable by the law merchant the facts averred in these answers are insufficient to show that there was an implied warranty.

Is the note negotiable by the law merchant? It is payable at the Randolph County Bank, at Winchester, and is in all respects sufficient as a note of that character unless its negotiability is destroyed by the clause, waiving "all defenses on the grounds of any extension of time of its payment that may be given by its holders" to the makers or either of them. It is sufficient for us to say upon this point, that the question has been fully and explicitly settled against the contention of the appellant. *Oyler* v. *McMurray*, 7 Ind. App. 645, 34 N. E. Rep. 1004, and authorities cited.

The note not being governed by the law merchant, the appellant took it subject to, and charged with, all the equities and defenses existing against it. *Sims* v. *Wilson*, 47 Ind. 226; *Ayers* v. *Harshman*, 66 Ind. 291; *Carithers* v. *Stuart*, 87 Ind. 424; *Henry* v. *Gilliland*, 103 Ind. 177.

Do the facts averred in these answers constitute an implied warranty? It is averred in each of these paragraphs, in substance, that the note was given in part consideration of a stallion purchased by the appellees of the payees; that the sellers were, at the time of the execution of the note, and before, engaged in importing, raising, and selling breeding horses for breeding purposes, and that the appellee, Benjamin E. Fraze, being desirous of purchasing a stallion for breeding purposes, made application, through the agent of said Galbraith Bros., to buy a stallion for that purpose, and that said Galbraith Bros., through their agent, sold to the said

Benjamin E. Fraze a stallion for breeding purposes, and that the note in suit was given in part consideration of the purchase price of said horse, and for no other or different consideration; that said Galbraith Bros. were informed and knew of the purpose for which said horse was wanted, and sold him to said appellee for that purpose and no other; and that said Galbraith Bros. thereby impliedly warranted said horse to be fit and suitable for breeding purposes and a reasonably sure foal-getter, and that said appellee accepted said horse with the implied warranty and belief that he was fit for the purpose of breeding and a reasonably sure foal-getter.

It was averred that the other appellee signed said note as surety for Benjamin E. Fraze. Facts are then averred from which it is made to appear that the horse was not as represented; that after a fair trial he proved to be utterly worthless as a foal-getter and for breeding purposes, and that in fact he possessed no value for any purpose.

It may be stated to be the general rule that an executed sale for a chattel does not carry with it an implied warranty, and that in the absence of fraud or misrepresentation the purchaser takes the article with all its defects. In such cases the maxim *caveat emptor* applies. *Court* v. *Snyder*, 2 Ind. App. 440, and authorities cited.

This rule, however, has no application in cases of executory sales where the article contracted for is to be manufactured or produced for a specific purpose or use. In that class of cases there is an implied warranty that the article is reasonably fit or suitable for the purpose or use for which it was ordered. *Bushman* v. *Taylor*, 2 Ind. App. 12.

Says a standard law writer upon this topic: ''But where a chattel is to be made or supplied to the order of the purchaser, there is an implied warranty that it is reasonably fit for the purpose for which it is ordinarily

used, or that it is fit for the special purpose intended by the buyer, if that purpose be communicated to the vendor when the order is given, as is shown by the authorities now to be reviewed." Benjamin on Sales, section 965.

The contract here relied upon is, perhaps, strictly speaking, not an executory one, but for obvious reasons the same rule must be applied to it. The appellee, Benjamin E. Fraze, desired to purchase a stallion for breeding purposes, and so informed Galbraith Bros., through their agent. They were producers of, and dealers in, this kind of live stock, and undertook to sell Fraze a horse for breeding purposes. Here the contract was to supply an article which the seller produced and was dealing in; the article was for a particular purpose, and the implication necessarily arises that the buyer relied upon or trusted in the judgment or knowledge of the seller. Hence the sale carried with it an implied warranty that the horse should be reasonably fit for breeding purposes. Benjamin on Sales, section 988. See, also, *Conant* v. *Nat'l State Bank of Terre Haute*, 121 Ind. 323; *Brenton* v. *Davis*, 8 Blackf. 317; *Gurney* v. *Atlantic, etc., R. W. Co.*, 58 N. Y. 358; *Jones* v. *Bright*, 5 Bing., Com. Pleas, 533.

In the case last cited, it was said, by Best, C. J.: "The decisions, however, touching the sale of horses, turn on the same principle. If a man sells a horse generally, he warrants no more than that it is a horse; the buyer puts no question, and, perhaps, gets the animal the cheaper. But if he asks for a carriage horse, or a horse to carry a female, or a timid and infirm rider, he who knows the qualities of the animal, and sells, undertakes, on every principle of honesty, that he is fit for the purpose indicated. The selling, upon a demand for a horse with particular qualities, is an affirmation that he possesses those qualities."

We think there was, under the contract alleged, an implied undertaking that the horse was a reasonably sure breeder or foal-getter. The horse being alleged to have no value for that, or any other purpose, the answers under consideration {sufficiently show a breach of the warranty, and a total failure of the consideration. The demurrer to the third and fourth paragraphs of the answer was, therefore, properly overruled. *Dill* v. *O'Ferrell,* 45 Ind. 268.

The appellant has assigned as error the refusal of the court to give instruction number seven, as requested. This is not a proper assignment. The refusal to give correct instructions submitted is a cause for a new trial. A ruling which forms the basis for a new trial is not assignable as error. Elliott's App. Proced., section 347, and cases cited.

The same is true of the alleged error in giving instruction number five on the court's own motion. This ruling, like the other, is made a specification of error, but is not assigned as a cause for a new trial.

The appellant assails instruction number six, given by the court of its own motion. This ruling is properly assigned as a cause for a new trial, and the overruling of the motion for a new trial is assigned as error. By this charge the jury were instructed that they might adopt that construction of the contract, which the parties had placed upon it themselves. In this there was no error. *Reissner* v. *Oxley,* 80 Ind. 580; *City of Noblesville* v. *Lake Erie, etc., R. R. Co.,* 130 Ind. 1.

Error is predicated upon the overruling of the motion of appellant for judgment, notwithstanding the general verdict. The answers of the jury to the interrogatories indicate that the only notice given by the appellees to the payees of the note, that the stallion was not suitable for the purpose of breeding, was given in the year 1890.

It is admitted that an agreement was subsequently made between the parties, that the purchaser should keep the horse and stand him during the season of 1891, so as to give him a better trial, and if he then proved unsatisfactory, the sellers were to take him back and supply another horse in his place.

We do not see why the appellee should have been required, as contended by the appellant, to make another tender of the horse before the season of 1891 had expired, as it was during this season that the horse was to receive a final trial. If the jury found the horse to be worthless, as the general verdict implies, the fact that the legal title of the horse was in the appellee Benjamin E. Fraze, when he died, would not debar the appellees from recouping the damages sustained by them, and if the horse was in fact of no value whatever, such fact would defeat the right to recover on the note. The answers to the interrogatories must be irreconcilable with the general verdict upon any theory. By the general verdict, the jury, in effect, found that the horse was worthless. We can not look to the evidence, under this assignment, to determine whether it sustained such a finding.

It is claimed, finally, that the evidence is insufficient to sustain the general verdict. The particular vice in the evidence is claimed to be its insufficiency to prove a tender of the horse back to the payees of the note. There was evidence tending to show that the sellers requested the appellees, and the latter agreed, to keep the horse and try him another season. This dispensed with the necessity of a tender before the expiration of such season. The horse died before the season had expired. No tender could therefore have been made after the expiration of such season.

If the animal had any value, possibly that fact might debar the appellees, under the pleadings, from defeating

the entire claim on the note. This question, however, we need not now decide. But it is not contended that the uncontradicted evidence proves that the horse possessed some value. The failure to make a tender under the circumstances of the case does not vitiate the verdict.

Some of the paragraphs of the answer set up a written warranty, and a breach thereof, while others rely upon an implied warranty.

In the fifth paragraph, it is averred that the note was given in consideration of a resale of the horse after he had been taken back by the sellers and again sold to Benjamin E. Fraze.

The appellant introduced the several paragraphs of answer in evidence, and contends that they show such an inconsistency as to disprove the averments of the fifth paragraph. It is not claimed, however, that the verdict of the jury was based upon the last named paragraph alone, and appellant's counsel have failed to point out in what manner the alleged inconsistency could avail them.

We have not been able to discover any prejudicial error.

Judgment affirmed.

Filed Feb. 3, 1894.