(December 27, 1920.)

## T. B. SANDERSON, Appellant, v. ELVIRA J. CLARK and C. J. CLARK, Respondents.

[194 Pac. 472.]

NEGOTIABLE INSTRUMENTS—TRANSFER—ASSIGNMENT—INDORSEMENT.

1. A promissory note which is not made payable on demand, or at a fixed or determinable future time, is non-negotiable.

2. Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferrer had therein subject to any defense then existing in favor of the maker.

APPEAL from the District Court of the Fifth Judicial District, for Power County. Hon. Robert M. Terrell, Judge.

Suit to foreclose mortgage. Judgment for defendants. *Affirmed.*

W. T. Stafford, for Appellant.

One who places a note in the hands of another, vesting in him apparent ownership and right to sell the same, is estopped from defending against the payment, where the

---

1. For authorities on what are negotiable instruments, see notes in 14 Am. Dec. 421; Ann. Cas. 1914D, 4.

On effect on negotiability of promissory note of provision permitting extension of time, see notes in 17 Ann. Cas. 55; Ann. Cas. 1914B, 210; 16 L. R. A., N. S., 878; 31 L. R. A., N. S., 234, and 33 L. R. A., N. S., 738.

note is in the hands of an innocent purchaser. (8 C. J. 721; *Herbert v. Huie,* 1 Ala. 18, 34 Am. Dec. 755.)

"Where one of two innocent persons must bear a loss, occasioned by the fraud or wrong of a third person, the one who put such third person in possession of the paper, and thus made possible the loss is estopped to take advantage of the fraud." (*Redlich v. Doll,* 54 N. Y. 234, 13 Am. Rep. 573; *Marling v. Fitzgerald,* 138 Wis. 93, 131 Am. St. 1003, 120 N. W. 388, 23 L. R. A., N. S., 177; *Vaughn v. Johnson,* 20 Ida. 669, 119 Pac. 879, 37 L. R. A., N. S., 816.)

"If the maker of a note has intentionally issued it, he cannot defend it in the hands of a *bona fide* holder for value because of fraud in securing it." (*Wildsmith v. Tracy,* 80 Ala. 258.)

"One who executes a promissory note knowing it to be such cannot set up fraud of the payee as a defense of the note in the hands of a *bona fide* purchaser without showing that he was free from negligence in his execution." (*Fayette County Sav. Bank v. Steffes,* 54 Iowa, 214, 6 N. W. 267.)

McDougall & Jones, for Respondents.

The clause: "The maker and indorser herein consent to the extension of this note without notice," renders the time of payment uncertain and upon a contingency, and for that reason it is not payable at a fixed or determinable time, and therefore is not a negotiable instrument within the purview of the statute. (7 Cyc. 600; Daniels on Negotiable Instruments, 6th ed., pp. 47, 59, 60; *Smith v. Van Blarcom,* 45 Mich. 371, 8 N. W. 90; *Citizens' Bank v. Piollet,* 126 Pa. St. 194, 12 Am. St. 860, 17 Atl. 603, 4 L. R. A. 190; *Miller v. Poage,* 56 Iowa, 96, 41 Am. Rep. 82, 8 N. W. 799; *Glidden v. Henry,* 104 Ind. 278, 54 Am. St. 316, 1 N. E. 269; *Mitchell v. St. Mary,* 148 Ind. 111, 47 N. E. 224; *Second Nat. Bank v. Wheeler,* 75 Mich. 546, 42 N. E. 963; *Rossville State Bank v. Heslet,* 84 Kan. 315, 113 Pac. 1052, 33 L. R. A., N. S., 738; *Rosenthal v. Rambo,* 165 Ind. 584, 76 N. E. 404, 3 L. R. A., N. S., 678; *Matchett v. Anderson Foundry & Machine Works,* 29 Ind. App. 207, 94 Am. St. 272, 64 N. E. 229; *Merchants'*

*Bank v. Fraze,* 9 Ind. App. 161, 53 Am. St. 341, 36 N. E. 378; *Oyler v. McMurry,* 7 Ind. App. 645, 34 N. E. 1004; *Bank v. Gunter,* 67 Kan. 227, 72 Pac. 842; *Sykes v. Citizens' etc. Bank,* 78 Kan. 688, 98 Pac. 206, 19 L. R. A., N. S., 665; *Union Stock Yards Nat. Bank v. Bolan,* 14 Ida. 87, 125 Am. St. 146, 93 Pac. 508.)

"If a bill or note is payable to a certain person, or his order, indorsement is generally necessary to pass full legal title, and if there is no indorsement, the transferee takes it subject to all equities." (8 C. J. 349, 382, 388; *Central Trust Co. v. First Nat. Bank,* 101 U. S. 68, 25 L. ed. 876, see, also, Rose's U. S. Notes; 1 Daniel, Negotiable Inst., pars. 664, 741; *Warren v. Stoddard,* 6 Ida. 692, 59 Pac. 540.)

MORGAN, C. J.—The evidence shows that G. C. Leeper and C. L. Powell perpetrated a fraud on respondents whereby they were procured to make, execute and deliver to Leper, without consideration, the promissory note and mortgage sued on; that before maturity Leeper sold the note and mortgage, for a valuable consideration, to appellant, who took them without knowledge of the fraud; that the note was not indorsed, but the transfer was made by delivery and by means of an instrument of assignment. Following is a copy of the note:

"$2500.00.          Pocatello, Idaho, July 19th, 1915.

"Fifteen months after date, without grace, for value received, I, we or either of us, promise to pay to the order of G. C. Leeper Twenty-five Hundred ($2500.00) Dollars payable in lawful money of the United States at Rockland, Idaho, with interest at the rate of 8 per cent. per annum from date, interest payable annually until paid.

"And if suit be instituted for the collection of this note I agree to pay a reasonable attorney's fee for cost of collection. Maker— and indorser— hereon consent to extension of this note without notice.

"Due ———, 19—.

"50¢ war Rev. Stamps cancelled.

"ELVIRA J. CLARK.
"C. J. CLARK."

The note was non-negotiable because the time for payment was not fixed as required by C. S., sec. 5868, which provides: "An instrument to be negotiated must conform to the following requirements: . . . . Must be payable on demand or at a fixed or determinable future time. . . . . "

This court, in *Union Stock Yards Nat. Bank v. Bolan,* 14 Ida. 87, 125 Am. St. 146, 93 Pac. 508, having under consideration a promissory note wherein it was provided, "No extension of time of payment with or without our knowledge by the receipt of interest or otherwise shall release us or either of us from the obligation of payment," said, in view of the statute above quoted: "The note is non-negotiable and the indorsee holds it subject to all the equities, counterclaims and defenses that existed between the maker, Bolan, and the payee, Uinta Hereford Cattle Company." (See, also, *Rossville State Bank v. Heslet,* 84 Kan. 315, 113 Pac. 1052, 33 L. R. A., N. S., 738; *Oyler v. McMurray,* 7 Ind. App. 645, 34 N. E. 1004; *Merchants & Mechanics' Sav. Bank v. Fraze,* 9 Ind. App. 161, 53 Am. St. 341, 36 N. E. 378.)

Furthermore, C. S., 5897, provides: "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof; if payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder, completed by delivery."

The note under consideration was made payable to the order of G. C. Leeper, and he did not indorse it. Therefore, appellant's rights are to be measured by C. S., sec. 5916, which is as follows: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferrer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferrer. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."

The note and mortgage having been procured by means of fraud and without consideration were, thereupon and thereafter, in the hands of Leeper and appellant, his transferee without indorsement, subject to a complete defense.

We find no error in the record and the judgment is affirmed. Costs are awarded to respondents.

Rice and Budge, JJ., concur.