(No. 4926.    November 30, 1929.)

J. L. KITE, Respondent, v. W. L. ECKLEY and J. L. HODGIN, Administrator of the Estate of W. E. ECK- LEY, Appellants.

[282 Pac. 868.]

Hodgin & Hodgin, for Appellants.

Bothwell & Chapman, for Respondent.

GIVENS, J.—Plaintiff and one Walters executed a promissory note for $5,000 payable to W. L. Eckley. The trial court found on supporting evidence that this note was given without consideration and upon representations, among others, that the note would not have to be paid by the makers, and that Eckley would keep on deposit with it other valuable paper, the proceeds of which would be applied in payment of plaintiff's note. The note was given for the purpose of enlarging Eckley's credit, and was immediately negotiated by him to J. W. Laubenheim. Thereafter Eckley deposited with Laubenheim as security for the principal note another note, executed by A. D. P. Keith, payable to Eckley, likewise for $5,000.

At the maturity of plaintiff's note, it remained unpaid. Shortly thereafter Eckley represented to the plaintiff and Laubenheim that he had sold or was about to sell the Keith note to Calvin Owens for $4,000, all of which would be applied on the plaintiff's note. On the strength of these representations the Keith note was surrendered to Eckley, who immediately sold it to Owens. He received in payment $2,000 in cash and an instrument in writing denominated a "receipt," and hereafter so referred to, acknowledging liability for the remaining $2,000.

Eckley applied on the plaintiff's note, out of the moneys received from Owens, $1600 and promised to pay $2,000 additional within 30 days. He failed to pay the $2,000. Before plaintiff learned of the existence of this receipt, Eckley disposed of it by negotiating it to his father, W. E. Eckley of Lewistown, Montana. The defendant introduced no evidence except the records of the two previous suits.

The controversy revolves around the title to this "receipt" and its proceeds and eventually three actions were brought to test the question of its ownership.

The first action was brought by Laubenheim. He sued W. L. Eckley on the note which plaintiff and Walters had executed to Eckley, and which Eckley had indorsed to Laubenheim, but failed in that action to make either the plaintiff or Walters parties. He attached the proceeds of the "receipt" in the hands of Owens but Owens declined to pay on the ground that others had asserted a right to the fund.

The second action was brought by W. E. Eckley against Owens on the "receipt" which W. L. Eckley had assigned to W. E. Eckley. Laubenheim intervened and set up his judgment which he had secured against W. L. Eckley. The First National Bank of Kimberly also intervened. Both intervenors as creditors of W. L. Eckley asserted a right to the proceeds of the "receipt" superior to the right of W. E. Eckley.

Owens filed an answer and paid the $2,000 in question to the clerk of the court of Twin Falls county and asked to be absolved from any further obligation.

In that action judgment was entered in favor of W. E. Eckley and he was decreed to be the owner of the fund in question.

Plaintiff then brought this action, asserting a right superior to that of W. E. Eckley, and attached the money in the hands of the clerk. Before trial, W. E. Eckley died and his administrator, J. L. Hodgin, has been substituted as party defendant. The plaintiff filed no claim with the administrator.

Since the commencement of the action plaintiff has paid to Laubenheim the amount remaining due on the note which he and Walters executed, a sum, with the interest due thereon, considerably in excess of the amount in the hands of the clerk.

The case was tried to the court, sitting without a jury. The trial judge found that W. L. Eckley had made false and fraudulent representations to the plaintiff to induce him to execute the note in question and that plaintiff had relied on these representations; that Eckley had agreed with the plaintiff at the time he deposited the Keith note with Laubenheim that its proceeds were to be applied on the note given by the plaintiff to Eckley; that when Eckley repossessed the Keith note for the purpose of negotiating it to Owens he reiterated the false and fraudulent representations and promised that its proceeds would be applied on the plaintiff's note; that in taking the "receipt" from Owens in part payment of the Keith note, and concealing its existence from plaintiff, Eckley intended to defraud the plaintiff. The court further found that Eckley had negotiated the "receipt" to W. E. Eckley for the purpose of defrauding the plaintiff and that all of these facts were known to W. E. Eckley or could have been discovered by him by the exercise of reasonable care and diligence.

Judgment was entered for the plaintiff.

Defendants contend that the facts in this case, and the only matter at issue, are identical with the facts and issue in the case of *W. E. Eckley v. Owens, Laubenheim and Others, Intervenors,* decided in favor of W. E. Eckley, and

that the matter is *res judicata* and the plaintiff is bound by the judgment in the former action.

Plaintiff was not a party to that action. He is therefore not concluded by a judgment rendered therein unless he derives his interest from one who was a party to it, that is, unless he is in privity with a party to that judgment. (*Stocker v. Kirtley*, 6 Ida. 795, 59 Pac. 891; *Miller v. Thompson*, 91 Okl. 138, 216 Pac. 641; *Betz v. Moore-Shenkberg Grocery Co.*, 197 Iowa, 1348, 199 N. W. 254.)

It is defendants' contention that plaintiff derives his interest from Laubenheim who intervened in the former action. We do not so understand the facts.

When plaintiff, with his comaker, Walters, executed the note, Eckley promised that neither of them would be held to their liability on it. He agreed that he would keep on deposit with Laubenheim to whom he intended to negotiate it, other notes of equal or greater value than plaintiff's·note which latter note would be paid from the proceeds of the notes so deposited. We believe that by this agreement an express trust was created in any notes, or the proceeds of any notes, deposited with Laubenheim in accordance with its terms. The rule is that an express trust in personalty may be created where a person has or accepts personal property with the express or implied understanding that it is not to be his own but that it is to be applied for certain specified purposes for the benefit of certain specified persons. When the maker of ·a note is induced to execute it by representations that other notes or security will be made available to pay it, such security is impressed with a trust in favor of the maker of the principal note. (*Edwards v. City National Bank*, 83 Okl. 204, 201 Pac. 233; *Goldstein v. Union National Bank*, (Tex. Civ. App.) 216 S. W. 409; 39 Cyc. 70.)

Such a trust in personalty may be created orally. (*Korompilos v. Tompras*, (Mo. App.) 251 S. W. 80; 39 Cyc. 51.)

It is apparent that plaintiff's title to the trust property was not derived from Laubenheim. Title to the trust

notes was originally in Eckley. He placed the equitable title in the beneficiaries, plaintiff and Walters, by his express trust agreement. It was from him, not Laubenheim, that the beneficiaries derived their title. Laubenheim acted merely as a trustee.

Privity implies a derivation of title. (*Patton v. Pitts*, 80 Ala. 373; *Boughton v. Harder*, 46 App. Div. 352, 61 N. Y. Supp. 574; *Sills v. Ford*, 171 N. C. 733, 88 S. E. 636.) There being no privity between plaintiff and any of the parties to the action in the case of *W. E. Eckley v. Owens*, we conclude that the issue raised in this action was not there adjudicated as against the plaintiff and he is not concluded by the judgment rendered therein.

A beneficiary of a trust may follow and recover a trust fund as long as it can be identified either in its original or substituted form, providing it has not passed into the hands of a *bona fide* purchaser for value without notice. In this appeal W. E. Eckley contends that the "receipt" given by Owens to W. L. Eckley and by the latter negotiated to W. E. Eckley was a negotiable instrument and hence passed to him as a *bona fide* holder.

The court found that W. E. Eckley was not a *bona fide* holder. Furthermore, we believe that the "receipt" was not a negotiable instrument. It provided that Owens would pay $2,000 "when A. D. P. Keith pays $2,500 note which I now hold against him which will be in about 30 days." C. S., sec. 5868, provides that an instrument to be negotiable must be paid "on demand or at a fixed or determinable future time." Section 5871 defines a determinable future time as "on or at a fixed period after the occurrence of a specified event, which is certain to happen though the time of happening be uncertain." It is further provided that an instrument "payable upon a contingency is not negotiable and the happening of the event does not cure the defect."

Here the time of payment was contingent upon the happening of an uncertain event. It was therefore not a negotiable promissory note and passed to W. E. Eck-

ley subject to any claims which might have been urged against it in the hands of W. L. Eckley. (*Sanderson v. Clark*, 33 Ida. 359, 194 Pac. 472; *Scott v. Dagel*, 200 Iowa, 1090, 205 N. W. 859; *Wray v. Miller*, 120 N. Y. Supp. 787; *Harris v. Firth*, (N. J. Supp.) 68 Atl. 1064.) There, as we have seen, it was clearly impressed with a trust. It and its proceeds remained so impressed in the hands of W. E. Eckley and the clerk of the court.

It is also urged by defendant that plaintiff cannot recover because he failed to file a claim with the administrator of W. E. Eckley. Inasmuch as this was an action to recover a trust fund, which could not be said to be a part of the estate of W. E. Eckley, it was not necessary to file a claim against it. (*Martin v. Smith*, 33 Ida. 692, 197 Pac. 823.)

No contention is made that plaintiff should have joined his comaker Walters in this action to enforce a trust, of which Walters was a cobeneficiary. The object of the trust was the extinguishment of their obligation on the note. Inasmuch as the record discloses that the note has been paid by plaintiff, we believe that he was subrogated to any right Walters may have had as a beneficiary of the trust.

The judgment is affirmed.

Costs awarded to respondent.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.